IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  Plaintiff,

    v.

PRINCE BECK,

                  Defendant.

ORDER

08-cr-87-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Prince Beck has filed a motion to modify his restitution payments. His case is on appeal before the Court of Appeals for the Seventh Circuit, which is one reason to deny his motion. The general rule is that once the notice of appeal is filed, the district court should not take any further action. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

      A second reason to deny defendant's motion is that it is without merit. Defendant is contesting the propriety of the Bureau of Prisons' taking money from him to pay

1

restitution while he is in prison. It is well established that the Bureau of Prisons has authority to require prisoners to make restitution payments and to determine the size and frequency of the payments. <u>United States v. Sawyer</u>, 521 F.3d 792, 794 (7th Cir. 2008) (Bureau of Prisons does not need judicial permission to remit money from prisoner's account); 28 CFR § 545.11 and Program Statement P5380.08. Thus, even if I were to reach defendant's motion, I would have to deny it.

ORDER

IT IS ORDERED that defendant Prince Beck's motion to modify his restitution payments is DENIED for lack of jurisdiction.

Entered this 9th day of February, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

2